## ESCANELLA v. THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of Caguas.

No. 82.—Decided February 13, 1911.

RECORD—ALIENATION OF PROPERTY BELONGING TO MINORS.—In the case at bar judicial authorization was given the mother of a minor to sell property be-

longing to her child, *under the obligation to deposit with the court the balance remaining in favor of the latter, after deducting the amount of the debts and expenses. Held:* That the purchaser of the alienated estate was not bound to prove at the registry that the obligation imposed by the court had been complied with, in order to have his title admitted to record, inasmuch as said obligation did not constitute a condition required to be fulfilled for the validity of the contract, nor was it imposed upon the vendee, but upon the vendor, and the former's right could not be made to depend upon the latter's compliance or noncompliance with the decision of the court, and that, at all events, the compliance or noncompliance with said condition would involve a question of *capacity* of the parties, but not one of consideration of contracts.

The facts are stated in the opinion.

*Mr. José Martínez Dávila* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The contract of purchase and sale made between Jaime Escanella (appellant) and María Sánchez, who acted in her own right and in representation of her minor children, is perfectly valid and legal, because it was made with previous consent and for a consideration.

As to the consent, María Sánchez could give the same in the name of her children, because she had obtained from a district court authorization for alienating the shares of her said minor children in the landed property which she sold to the appellant.

It is true it is stated in said authorization that the same is granted "with the obligation to deposit in the court the sum remaining in favor of the aforesaid minors, after deduction is made of the amount of the mortgage of Miss Padrela, and the expenses, which must be shown in legal form; which sum is to remain on deposit in the court until it be placed in conditions of safety, that will be considered by the court itself."

The terms in which the foregoing authorization is drafted are not conditional—that is to say, they do not require as a condition in order that the sale may take effect that the surplus be deposited—but the authorization is granted without any condition whatever, in so far as the sale is concerned, in spite of the fact that it imposes upon the mother the obli-

gation to deposit in the court the money remaining in favor of the children after the money has been received, and the mortgage and the expenses she has had, and which she must show, have been deducted therefrom.

As it was not a conditional sale the purchaser, who is the appellant herein, is not obliged to prove in the registry of property the fulfilment of the condition in order that his contract may be recorded; for which reason it is proper to inscribe the same.

Besides, the obligation to make the deposit was not imposed upon the purchaser, as is erroneously said by the registrar, but upon the mother, subsequent to the payment of a mortgage, and the production of documents showing her expenses; all of which are facts to be accomplished by the mother who sold the property and not by the purchaser who cannot be subject, for the validity of his contract, to the former's willingness or unwillingness to fulfil the condition which was imposed upon her by the court.

If, on the contrary, the permission had been granted on condition that the purchaser should deposit the money or the surplus in the court, and the purchaser had known said condition by the contract, the execution of the latter would have implied his acceptance of said condition and his obligation to fulfil the same, and to prove that he had done so before the registrar.

The registrar is also mistaken in holding that the lack of this requisite, if it could be demanded of the purchaser and were not complied with, would annul and destroy the validity of the contract by reason of an illicit consideration (secs. 1242 and 1243 of the Civil Code), for these sections have reference to the consideration of contracts, and not to the capacity to make contracts, which would be the point at issue in this case.

Moreover, there is no legal provision whatsoever which requires parents, with paternal authority over their children, to deposit, subject to the order of the court, the amount of

the sales for which they have been judicially authorized; but, inasmuch as the mother accepted said condition, she alone must answer for the same to the court, and not the purchaser, of whom the court cannot demand the fulfilment of said condition, nor the registrar, either.

The note should be annulled and the inscription should be ordered to be made.

·*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.